

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**OFFICE OF THE CLERK**
Martin Luther King Jr. Federal Bldg & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, New Jersey 07101

WILLIAM T. WALSH
CLERK

**CAMDEN OFFICE**
Mitchell H. Cohen U.S. Courthouse
One John F. Gerry Plaza
Fourth & Cooper Streets, Room 1050
Camden, New Jersey 08101

**TRENTON OFFICE**
Clarkson S. Fisher U.S. Courthouse
402 East State Street, Room 2020
Trenton, NJ 08608

**REPLY TO: TRENTON**

August 19, 2021

Re: *Angela Kupka v. Home Depot, et al.*
15-cv-4422

Dear Counsel,

I have been contacted by Judge Anne E. Thompson to whom the above-mentioned case was assigned.

Judge Thompson informed me that it has been brought to her attention that when the case was assigned to her, she owned stock in Target Corporation. Her ownership of stock neither affected nor impacted her decisions in this case. However, her stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Thompson directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge, and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Thompson's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before September 9, 2021. Any response will be considered by another judge of this court without the participation of Judge Thompson.

> Sincerely,
> /s/ *William T. Walsh*
> Clerk of Court